The next case in our call this morning is agenda number 8, case number 105-621, People v. Corey Conick. Council may proceed. Mr. Chief Justice, your honors, counsel, good morning. Brian Hodes, assistant state's attorney from Cook County on behalf of the people of the state of Illinois. In this case, the appellate court erred by finding that section 22-105 of the code of civil procedure did not authorize the trial court to assess fees and costs against petitioner for filing a frivolous pleading which sought leave to file a subsequent or successive petition for post-conviction relief. Just over ten years ago, in August of 1998, after a mistrial, petitioner voluntarily entered a guilty plea to first-degree murder and attempted armed robbery, in return for which he received sentences of 60 and 10 years, respectively, to be served consecutively. Petitioner did not seek to withdraw his plea, although he did file a motion to reduce his sentence, which the trial court denied for want of jurisdiction. Petitioner then filed his first petition for post-conviction relief, in which he alleged that he had received ineffective assistance of counsel. Specifically, he claimed that his counsel was ineffective for failing to withdraw his guilty plea. The trial court conducted a hearing on this petition and denied petitioner post-conviction relief. Then in 2000, petitioner filed a second petition for post-conviction relief. In this petition, he argued that his sentence was unconstitutional, pursuant to Apprenti v. New Jersey. The trial court duly reviewed this petition and issued an appeals order in which it found the petition to be frivolous and patently without merit, and accordingly summarily dismissed it. Then, in January of 2006, petitioner filed a pleading in which he sought leave to file a third petition for post-conviction relief. The trial court duly reviewed this pleading as well, this time subject to the Post-Conviction Hearing Act. The trial court then issued two orders. In the first order, the trial court explained that petitioner had not satisfied either the cause or the prejudice requirements under the act, and consequently denied petitioner leave to file a third petition for post-conviction relief. In the second order, the petitioner appealed, but he only appealed the second order, the assessment of fees under the statute. Fees and costs under the statute, excuse me. The appellate court initially affirmed the assessment of fees and costs made by the trial court, and in the third order, the trial court affirmed the assessment of fees and costs made by the petitioner, but petitioner then filed a petition for leave, a petition for rehearing based on this court's opinion in Prepo v. LaPointe. The trial court denied petitioner a trial court's assessment of fees and costs under the statute, without permitting the people with an opportunity to answer the petition. The issue before the court then is simply whether or not that statute, Section 22-105, does indeed authorize a trial court to assess fees and costs when a prisoner petitioner files a frivolous pleading that seeks to file a successive post-conviction petition. In this case, a pleading was filed. I think that there are different definitions of filed, and that's really one of the things that distinguishes the two. the point from this case. I'm not sure if I understand your question correctly. I'm sorry. Mr. Hodes, do you mean filed, is it the court permitted it to be filed, or just sent to the clerk's office as filed? I believe that the statute, our position is that the statute encompasses the latter, which is the clerk, it was filed, which is evident when a clerk stamps it, as this court has recognized since day one, essentially. The position, I believe, of your opponent, of the appellate court, is simply that a petition for leave to file is not filed. It's not filed until the petition is denied, the appellate court said, well, nothing's been filed, so the statute doesn't come into play. Isn't that kind of what we're dealing with here? That's the position we're reviewing, actually, isn't it? Yes. I mean, that's the position that the trial court, I mean, that the appellate court ultimately took. So that's the argument that we're reviewing. Yes. And, Mr. Hodes, correct me if I'm wrong, is your position as simple as 22-105 of the code is broad enough to include any motion or pleading in the case, and that would include a motion for leave to file a petition? Is that basically what this comes down to, as far as you're concerned? Yes. I mean, to elaborate a bit, the petition is very widely drafted to that end, and it says what your Honor just said. It says, in fact, it even uses the word purports, which means it doesn't even need to really be clear what exactly it's trying to do, as long as it attempts to do that, to fall within the statute's purview. And the plain meaning of the words indicates that the petition for leave to file the petition, in this case, was filed. And that LaPointe only addressed whether a petition was properly filed within the narrow confines of 122F? Yes. If we accept that the motion for leave to file a successive petition is a motion that's included under 22-105, is the trial court to look at whether the motion is frivolous, or whether the petition attached to the motion seeking the constitutional relief is frivolous? The motion requires, I can't answer that directly, I don't think so, but I'd like, the petition, the pleading requires the court to determine whether or not the petitioner can satisfy cause and prejudice. That's the motion and the allegations of the petition? Should the court look at both of those? I don't think that, I mean, I think that's part of the motion, but it also involves the allegations. It sort of depends on how it's filed, how it's put together by the individual petitioner. But in any event, it's filed, and such a document clearly falls within the purview of the statute, based on the statute's plain language. And the plain language provides that, in pertinent part, if a petitioner, if a prisoner confined in an Illinois Department of Corrections facility files a pleading, motion, or other filing which purports to be a legal document in a case seeking post-conviction relief, and the court makes a specific finding that the pleading, motion, or other filing which purports to be a legal document filed by the prisoner is frivolous, the prisoner is responsible for the full payment of filing such a petition. The petitioner is responsible for the full payment of fees and actual court costs. It seems crystal clear that the petitioner here was a prisoner, that he filed a pleading that falls within, that falls under the rubric of the statute in a case seeking post-conviction relief, and that the court made two findings, in fact, that the pleading was frivolous. It would also effectuate the larger goals of the statute, which are to compensate the courts for the time they necessarily must expend in reviewing any such pleading, not even just post-conviction pleadings, but all pleadings. That's why the statute is drafted so broadly. And in compensating them, also to discourage, but not prevent, prisoners from filing a pleading. In this case, the trial court clearly spent its time, and its limited and precious time, as Your Honors clearly are aware, reviewing the request for leave to file a successive petition, pursuant to the cause and prejudice requirements, and issued an order, as required, that the petitioner be exempted from the penalty. The petitioner is exempted from the penalty. The petitioner is exempted from the penalty. And found them to be, found the, found the pleading to be frivolous. This would further the goal set forth, the goal manifest by the express language of the statute. In its second order, which vacated the trial court's order, the appellate court essentially ignored the plain language of the statute. And violated one of the cardinal rules of statutory construction, by reading into it an exception. Consequently, this court should reverse the appellate court's order, and reinstate the trial court's assessment of fees and costs against petitioner. Thank you. May it please the court, counsel. I'm here on behalf of Petitioner Corey Connick, and we are seeking an appeal to the court to affirm the appellate court's ruling that no section 22-105 fees, punishing frivolous lawsuits, should lie in this case. As the appellate court here correctly noted, successive post-conviction, a successive post-conviction, no successive post-conviction petition was filed in this case, when the trial court denied Connick leave to file his petition. Thus, the trial court could not assess fees and costs under section 22-105. Because no successive post-conviction petition was filed. Counselor, the statute says files a pleading motion or other filing, as Justice Thomas indicated earlier. He did file a motion. Correct. But again, reading the plain language of the statute does indicate it's a pleading motion or other filing that purports to be a legal document in a case seeking post-conviction relief. Thus, there is something significant in the inclusion of the language in a case seeking post-conviction relief. Take out that language. If you were to remove the phrase in a case, then arguably in this situation, such a motion for leave to file a successive petition would be brought under the ambit of the Act. But what this Act is clearly designed to do is to remove the phrase in a case seeking post-conviction relief. And the only way to deter is abuse of filers. And so it's within the title itself, it says frivolous lawsuits filed by prisoners. And then what we're looking for is a frivolous document filed in a case seeking post-conviction relief. So reading the statute in its entirety, you see that what you need itself is, there needs to be first a case seeking post-conviction relief. And the only way in order to be brought within the ambit of the Post-Conviction Hearing Act, if you've already filed a previous post-conviction petition, is to file a motion for leave under Section 122-1F. And that's what Petitioner Connick did in this case, and it was that motion that was denied. So if in every case a motion is denied, fees can never be assessed? Well, I believe that I've, on a, my initial answer would be that under the reading of the Act, I don't believe that fees should be applicable when that motion is denied. The legislature has not created the possibility for fees because they have only put this in for case seeking relief. Would it then be that under your rationale, the fees could only be assessed in a first post-conviction petition that was frivolous, which doesn't require a motion, because that is a case? Certainly not. I do believe that it could apply to a successive post-conviction petition. It would be once leave is granted. At that point, under the Act, and also a case that immediately preceded LaPointe de Berry, what's required is first the petitioner is required to demonstrate cause and prejudice in order to be allowed leave to file. Once that leave is allowed, then it does go to the first stage review, which is the frivolous review. And it would be once leave is granted, if somebody is able to demonstrate cause and prejudice, if that successive petition is then determined to be frivolous, it would then be brought within the ambit of the Act. But it would be based on the Act as it reads currently, there is no allowance for fees until you are within the Post-Conviction Hearing Act. And as, you know, once Pitzenbarger was codified, the only way into the Post-Conviction Hearing Act as a successive petitioner is to file a motion seeking leave to file. But Counsel, doesn't that mean that when a judge sees a petition, he's not to review it or she's not to review it to determine whether it's frivolous or not? Correct. When... Don't review it. Just file it. No, I'm sorry. I misunderstood. Go ahead. Well, the question was, I mean, you're saying then the only time that it would be determined that it's frivolous would be after it's filed, and the court accepts it, to review for the first step. Correct. And prior to filing, the court, what if the court says it's frivolous? Well, the court... And doesn't permit it to be filed under your scenario. Can't fees be assessed then? Well, if the court, when courts are reviewing a Section 122-1F motion for leave, it's a very discreet question and it's a very high standard that they're trying to meet. And they're looking to see if this petition has demonstrated cause and prejudice. And, you know, I draw the court's attention to DeBerry, where the appellate court laid out when ruling on these motions for leave, a trial court need not and should not concern itself with the merits of any claims, contentions, or arguments that a post-conviction petition, a successive petition, contains. They are only reviewing this motion to determine if cause and prejudice were met. And so that's the only question that's before a court when a motion seeking leave is filed. But if the allegation that you've met cause and prejudice is without any merit at all, isn't that frivolous? Well, in... Could it not be frivolous? The court's supposed to ignore that? If there... I believe our initial impression under the statute itself, these motions, because there is no post-conviction case at that point, there is no case, we've only asked the court's permission to start a case. Such a motion, as the statute currently reads, is not punishable under the Act. Aren't the post-conviction proceedings a continuation of an existing case? This case is People v. Connick, which was instituted by the filing of a complaint or something, and that's a continuing case. This motion is filed in that case, is it not? Is that not another interpretation of the statute? My understanding of the reading of the statute is that, I believe that the reading is that each post-conviction petition, each case seeking habeas relief, each two 1401 petitions are in and of themselves their own separate case. That this isn't a continuation of any prior proceedings or any previous interactions with the court system. This is your case seeking post-conviction relief. So I believe my contention would be that it's outside of any previous proceedings that occurred. So there is no separate case, but a motion is filed in something that is not a case? A motion is filed asking the court's permission to start a case. Doesn't your narrow interpretation of the word case in the statute lead to absurd results? That if a defendant was successful in filing a successive post-conviction petition and then files a frivolous motion, he can be assessed with costs. But if a defendant, as in this case, files a motion for leave to file a successive post-conviction petition, and isn't granted that leave, that as frivolous as that may be, costs won't be asserted. I mean, doesn't that reach an absurd result here? I believe that this actually isn't creating an absurd result. That the way that the act is written, the way that the act, these two acts obviously need to be read together, the Post-Conviction Hearing Act and any attempt to impose fees under, you know, for attempting to enter into a post-conviction hearing. As the case law, as it's developed in light of LaPointe and the case I mentioned previously, these motions are, they are a separate action where you're simply trying to be brought within the Post-Conviction Hearing Act, and you're trying to impose a fee. And it's a very high standard to try to demonstrate cause and prejudice. And so it is a, it's a very discreet question the Court's being sought to ask. So the idea that as the statute currently reads, that this would be an absurd result to say that, and I'm sorry, also that this is a narrow reading. I believe this is the reading that the Act is dealing with frivolous documents in cases seeking post-conviction relief. And currently as LaPointe, as LaPointe makes very clear, there is no post-conviction case until leave is granted. And I think this has created a, for the lower courts, a very clear line that when you're dealing with a, you know, when you're dealing with the limited question of whether or not leave is allowed, that's a separate, that is not brought within the aspect of the Post-Conviction Hearing Act, because you aren't within the Post-Conviction Hearing Act until you've satisfied cause and prejudice. The one, well, the one final point in relation to the idea of the resources that are being devoted for the reviewing these 122-1F hearings, again, I stress that, you know, the courts are not required to actually look at the merits of the post-conviction petition. You're only looking at whether or not cause and prejudice has been met. And so it is a very, it's a discrete question that the Court is being asked to review. And in that situation, you know, it's not within the ambit of the frivolous lawsuit punishment. But getting to the second point, whatever, and I think to sort of answer some of your concerns about, as Justice Thomas was asking, the absurd results where if this motion, if this motion itself were deemed frivolous, so the Court would not be able to take action on it. If that were to be the case, in this case, we clearly do not have a case where a jury conic, seven years after his trial, received an affidavit from a state's primary witness at trial recanting his entire trial testimony. In that situation, the idea that he, in seeking to challenge his conviction, that this would be an abusive filing when he's received a witness recantation, I think, strains credibility. This is, you know, the two bases that the Court utilized in finding, making a finding of frivolousness here, that it lacks an arguable basis in law and fact, and that it lacks evidentiary support, I think are both rebutted by the record. The first being that he does have evidentiary support. He's received an affidavit from this witness who's recanted his testimony. The idea that this would not, that this lacks evidentiary support when he does have that with his motion strains credibility. And the other point is that whether or not this lacks an arguable basis in law and fact, I think it's important to take a look at what the purpose of 22-105 is, and that is to deter abusive filings, and it's to eliminate pestiferous litigants. While he might not have met, while he might not have demonstrated cause and effect of a post-conviction hearing act, certainly by seeking leave to file a post-conviction petition when he's received a witness recantation, that's clearly a situation where this is not, this is not a person who is alleging that his cookie's been crumbled, that... Defendant did not follow up on his appeal, appealing from the denial of the filing of the motion, of the petition, rather. Did he? The only thing that's being appealed is whether the, the appeal to the appellate court was whether the fees should be assessed. Correct. And what we're saying is that no fees should be assessed here because he had made a non... But he's not appealing the denial of the relief that he was seeking. Correct. Are you saying then, and I don't want to belabor the point, but are you saying that if the trial judge here had granted the motion to file and then found the petition to be frivolous, the fee could be assessed? Yes. If he had demonstrated cause and prejudice, and so at that point he would have been brought within the post-conviction hearing act, clearly the plain language of this act would allow for the imposition of fines or fees and filing costs. So again, your argument is based on, almost primarily on whether or not this is a case at the time that the motion is filed. Whether there is a lawsuit, whether there is a case. The lawsuit comes from the title, the case comes from the body of the act. And as LaPointe makes clear, there is no case until leave is allowed. And in this situation when leave is denied, there is no case seeking post-conviction relief, and so you're not brought within the ambit of the act until that leave is granted. But then at that point, wouldn't the, under your argument, your scenario, once the case is then established, in order for fees to be assessed, there'd still have to be another filing. Because it's only when there's a filing in a case, according to your argument. I believe, I think that what this case potentially could allow this court to do would be to clarify the proceedings of the post-conviction hearing act, particularly in light of LaPointe, which I think makes very clear that the first stage is to file a motion seeking leave to file a post-conviction petition. And it's, once that motion is granted, then there needs to be a separate document, which would then be the post-conviction hearing petition. Whether you file that concomitantly with your motion for leave, that, you know, I guess would be up to the individual petitioner. But it needs to be clear that this is a separate document, and the trial courts are not to look at the substance of the post-conviction claims. They're only looking to whether or not he is met, he can demonstrate cause and prejudice. And it's only once you're able to demonstrate cause and prejudice that you can file a post-conviction petition. Doesn't this case actually exemplify, going back to my question earlier, about the absurdity of the case position? In this case, the defendant filed his third post-conviction petition, and he entitled the pleading pro se petitioner's leave to file a successive petition for post-conviction relief. The court at that point had had enough, and then denied leave for the third, and also entered the order that assessed cost. So under your reading of the statute, he could present leave to file a fourth, fifth, sixth, seventh, can keep going on. As long as it's only leave to file a post-conviction petition, he could never be assessed cost. Because the trial court is not being required to look at anything in that petition. The trial court is only looking to assess whether or not that motion, that filing, does make an effort to, or does actually demonstrate cause and prejudice. It's still put on his docket, right? Correct. There's another attorney on the other side that comes in. Well, I don't believe there would be an attorney in that situation. Yeah, you're correct. In that situation, there wouldn't. But at least it's on the court's docket. Correct. This is what the Post-Conviction Hearing Act allows. I mean, this is a part of the Act, is that you're able to file successive petitions, and there is no limitation on the number of petitions one can file. But there is a high burden that has to be met.  If the petition failed, and it was denied, whatever we're going to call it was denied, he could file the same document over and over again without ever being subject to the Act. Is that correct? Under the current reading of the statute, that would be my contention. And the only way that he could, if you will, lose is if he was successful.  Doesn't that strike you as a little bit absurd? I don't believe that it is absurd, because this is a situation where the court, a petitioner, is permitted to file as many successive petitions as necessary. And in that situation, the only way to be able to file a post-conviction petition is to meet this high standard. And so it's obviously, if the same claim is being raised in a subsequent petition, it's going to be the same claim. If the same claim is being raised in a subsequent attempt seeking leave of the court, that's even less resource that that court is going to need to utilize in order to review that, see that it's the same effort to demonstrate cause and prejudice, which he believes does not rise to the level and deny leave at that point. And I don't think that this is, again, when the legislature was attempting to introduce this, when they were putting this into play, what they were concerned with would be the pestiferous litigants. And what we have here, Corey Connick is not. Corey Connick has received a witness recantation. And the idea that we would seek to punish this attempt to work within the Post-Conviction Hearing Act by punishing for attempting to demonstrate cause and prejudice where the trial court felt that it didn't rise to the very high level that was fair under this case. Under your interpretation of case, then the only thing that should come to this court as part of the record would be the motion, the denial, and anything after that. Correct. However, the order that was entered by the circuit court is part of the briefs, and it's part of what is alluded to in the appellate court order. And that's the case that I suspect that we're going to get, including, I mean, the record that is coming up with this case. It would be everything that happened in the trial court in the 96CR case. That is all a part of the record on appeal, but the trial court in reviewing, if I have time to answer your Honor's question, the trial court in reviewing that motion is not to look into the sum and substance of any other document that was submitted. It's a part of that record. They're just looking at the limited question presented in that motion seeking leave to see if it meets cause and prejudice. Thank you, Your Honor. For these reasons, we seek to affirm the appellate court's judgment. Thank you. I just want to clarify, I don't believe I was clear in answering Justice Carmier's question about the cause and prejudice review, which also is responsive to some of the things that counsel just stated. Specifically, the cause and prejudice review is what the court undertakes, undertook in this case, and what it undertakes when a petitioner files a motion for leave to file a successive petition. It is a different analysis than a pure merits, but it is by no means a simple or even necessarily a discrete one. In order to determine whether cause and prejudice has been satisfied, the court does, in fact, have to look at the record, because the court has to determine whether the allegations could have been raised earlier and what exactly prevented those allegations from being raised, and that's just cause. Prejudice would require that the court determine whether or not those allegations were likely to succeed in the context of the overall case. In a certain respect, it is actually a far more cumbersome analysis that involves the court expending more of its time, and it does involve looking back at the entire case, if we must use that word, of this particular or a particular case. And it does involve the petitioner who files a request seeking leave to file a subsequent post-conviction petition. Next, I want to point out that the petitioner's argument with respect to the merits, I guess, or the fact that he did satisfy cause and prejudice, was, as noted, not argued on appeal. And there was no cross-appeal on this issue. Finally, the trial court was, in fact, correct in the first place. In this case, the petitioner entered a guilty plea, thus nullifying anything that occurred beforehand, such as the mistrial and the alleged and what would or would not have happened had the witness not testified in a certain way during the mistrial. Anything that occurred in that mistrial is irrelevant at this point, in a legal sense. And the trial court properly recognized and explained this, because he entered a voluntary guilty plea 10 years ago. It also, finally, petitioner's cases discussing LaPointe and LaPointe, none of those cases are relevant to this case. None of those cases have anything to do with the statute at issue here, which, as petitioner agreed, at least in his briefs, and as the appellate court recognized, concerns Section 22-105. Every case that is considered, this statute has actually, every published case, excuse me, has found it applies to post-conviction petitions. And affirmed the trial court's assessment of fees against petitioners for filing frivolous pleadings. One of them, specifically, the one that I, Smith, People v. Smith, which was discussed at some length in petitioner's response and our reply on the most recent case, actually found, actually addressed LaPointe as well, and still found, not still, and found that the statute was, and recognized the distinction between LaPointe and its understanding of the Post-Conviction Hearing Act, and filing in cases within those confines, and the overarching intent of the legislature as manifest in its language in Section 22-105. For the reasons set forth before, as well as in our briefs, I would again request that this court reverse the appellate court and affirm the trial court's proper assessment of fees and costs under the statute. Thank you. Thank you, Mr. Hodes. Case number 105-621 will be taken under advisement.